UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Powers

   v.                                    Civil No. 23-cv-173-JL

Federal Bureau of Prisons


**REPORT AND RECOMMENDATION**

Pro se plaintiff John Powers, appearing in forma pauperis, has sued the Federal Bureau of Prisons ("BOP"). Mr. Powers alleges that BOP failed to provide him with certain funds, clothing and transportation to which he was entitled upon his release from BOP custody in 2021. Mr. Powers' complaint (Doc. No. 1) is before the court for preliminary review. See 28 U.S.C. § 1915(e); LR 4.3(d)(2).[1]

**Preliminary Review Standard**

This court subjects complaints filed in forma pauperis to preliminary review under LR 4.3(d)(2) and may dismiss complaints that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek damages from defendants who are immune from such relief. See id.; see also 28 U.S.C.

---

[1]This suit was originally filed in the United States District Court for the Northern District of California, and subsequently transferred to this District. See Order of Transfer (Doc. No. 7).

§ 1915(e)(2). The court construes pro se complaints liberally in conducting preliminary review. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### Factual Background

After thirty-three years of BOP custody, Mr. Powers was released on September 30, 2021. Mr. Powers alleges that, upon his release, BOP failed to provide him with either a "statutory gratuity" of $500 or "statutory travel fees and/or reimbursement" for travel from Dover, New Hampshire to Mountain View California. Compl. (Doc. No. 1) at 1-2.

### Legal Analysis

Pursuant to 18 U.S.C. § 3624(d), "[u]pon the release of a prisoner . . . the [BOP] shall furnish the prisoner with -

    (1) suitable clothing;

    (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and

    (3) transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence

>   within the United States, or to such other place
>   within the United States as may be authorized by the
>   Director.

The BOP, in turn, promulgated several regulations implementing the statute. 28 C.F.R. § 571.20, titled "Purpose and Scope," provides as follows:

>   It is the policy of the Bureau of Prisons that an
>   inmate being released to the community will have
>   suitable clothing, transportation to the inmate's
>   release destination, and some funds to use until he or
>   she begins to receive income. Based on the inmates
>   need and financial resources, a discretionary gratuity
>   up to the amount permitted by statute may be granted.

Next, 28 C.F.R. § 571.21, "Procedures," provides in relevant part:

>   (a) An inmate is eligible for a gratuity as determined
>   by the availability of personal and community
>   resources. Greater consideration may be given to an
>   inmate without funds or community resources.
>
>   (b) A federal prisoner boarded in a non-federal
>   facility is eligible for a release gratuity. The
>   director of the non-federal facility housing federal
>   inmates or the community corrections manager shall
>   determine the amount of release gratuity in accordance
>   with the purpose and scope of this regulation for
>   federal inmates housed in non-federal facilities.

Finally, 28 C.F.R. § 571.22 provides that:

>   (a) Staff shall provide release clothing appropriate
>   for the time of year and the inmate's geographical
>   destination. Upon request, work clothing will be
>   provided. Nonavailability of work clothing may limit
>   this practice.
>
>   (b) Inmates transferring to a community corrections
>   center will be provided adequate clothing to complete
>   a job search and perform work. Additionally, an outer

```
garment, seasonably suited for the geographical
destination will be provided.
(c) Transportation will be provided to an inmate's
place of conviction or to his/her legal residence
within the United States or its territories.
```

As Mr. Powers alleges that he was provided with neither money nor transportation, the court will focus subsections (2) and (3) of section 3624. The court addresses these provisions separately.

A. Claim 1 -- Gratuity

Mr. Powers' first claim is that the BOP did not provide him with a $500 gratuity, as delineated in 18 U.S.C. § 3624(d)(2). Based on the language of the statute and regulations, as well as cases interpreting both, Mr. Powers has no right to the statutory maximum amount, nor any gratuity at all.  The statutory language governing these gratuities is clear.  The statute notes that $500 is the maximum sum which a prisoner may be given, but also permits a "determin[ation} that no sum should be furnished." Id. § 3624(d)(2). The statute leaves the amount of the gratuity to be "determined by the Director to be consistent with the needs of the offender and the public interest." Id.  Likewise, the BOP regulation implementing the statute refers to the "funds" as "a discretionary gratuity." 28 C.F.R. §§ 571.20; 571.21(a).

Construing the statute and regulations, courts have routinely rejected claims based on an entitlement to a gratuity

4

under § 3624(d). See Tong v. United States Fed. Bureau of Prisons, No. 3:22-CV-1241-E-BN, 2022 WL 18779751, at *1 (N.D. Tex. June 27, 2022) ("Accordingly, there is no question that the decision for each out-going prisoner is discretionary, must be made by the BOP, must be independently set for each prisoner, and can be any amount up to the $500 maximum."), report and recommendation adopted, No. 3:22-CV-01241-E-BH, 2023 WL 2090985 (Feb. 17, 2023); McGuire v. Hudgins, No. 5:20-CV-8, 2020 WL 5415253, at *2-3 (N.D. W. Va. Aug. 6, 2020), report and recommendation adopted, No. 5:20-CV-8, 2020 WL 5414565 (Sept. 9, 2020) (same); McIntire v. Willis, No. 4:14-CV-04108-RAL, 2015 WL 1275430, at *3 (D.S.D. Mar. 19, 2015) (concluding, in Bivens claim seeking $500 gratuity, rather than the $100 given, that statute and regulations "do not restrict the BOP's discretion" as to the existence or size of a gratuity); Smith v. United States, No. 4:10-CV-47-M, 2011 WL 2670235, at *4 (W.D. Ky. July 7, 2011) (granting defendant's motion for summary judgment after finding that "[p]laintiff had no right to a release gratuity."); Larson v. United States, No. CIV.A. 09-CV-074-KKC, 2009 WL 2382371, at *7 (E.D. Ky. July 30, 2009) (dismissing claim for gratuity for failure to state a claim) (citing Mose v. Baney, No. CIVA RWT-05-1148, 2005 WL 4898861 at *2 (D. Md. Nov. 1, 2005) (holding that size of release gratuity "does not violate statutory or constitutional dictates") aff'd, 180 F. App'x 469

5

(4th Cir. 2005)); Kenan v. Francis, No. 2:05CV76, 2006 WL 3900109, at *5 (N.D. W. Va. June 13, 2006) ("Contrary to his own beliefs, petitioner is not entitled to a release gratuity under § 571.20. Release gratuities are solely within the discretion of the BOP, and the BOP has exercised its discretion in this case."); Palmer v. Fed. Bureau of Prisons, No. CV 05-1907-MO, 2006 WL 533511, at *2 (D. Ore. Mar. 2, 2006) ("It is clear from the language of the regulation cited by plaintiff that the Bureau of Prisons is not required to award gate money to departing inmates because the gate money is 'a discretionary gratuity.'").

Accordingly, the district judge should dismiss claim 1. Mr. Powers is no legal right to the gratuity outlined in 18 U.S.C. § 3624.

B. Claim 2 – Transportation

Mr. Powers next alleges that BOP failed to provide his with travel expenses or reimbursement for travel to Mountain View, CA, after his release from custody. As noted above, 18 U.S.C. § 3624(d)(3), states that the BOP "shall . . . provide transportation" to the place of conviction, the prisoner's residence, or "to such other place . . . as the Director authorizes. Unlike § 3624(d)(2), concerning gratuities, there is no language in this subsection or the relevant regulation that permits a complete denial of transportation. See 28 CFR §

6

571.22(c) ("Transportation will be provided . . . ."); cf. United States v. Hartshorn, 163 F. App'x 325, 329–30 (5th Cir. 2006) ("[T]he BOP is bound by [that] statute to select the place where the prisoner is to be released" and "has full discretion to determine the location of [the] prisoner's release."); Smith v. Wrigley, No. 106CV0886AWIWMWHC, 2008 WL 2490438, at *2 (E.D. Cal. June 16, 2008) (rejecting transportation claim because plaintiff "was offered transportation in compliance with the applicable statute, which he declined."), report and recommendation adopted, No. 1:06CV0886AWIWMWHC, 2008 WL 2941162 (July 28, 2008)

As Mr. Powers has alleged that he was completely denied transportation or reimbursement, he has pleaded sufficient facts to allow a claim under 18 U.S.C. § 3624(d)(3) to proceed.  By separate order, the court will direct service of this claim on the BOP.

## Conclusion

For the foregoing reasons, the district judge should dismiss claim 1 of the complaint.[2]  The case will proceed on

---

[2] The complaint suggests that Mr. Powers is bringing this claim under the Federal Tort claims Act ("FTCA"). 28 U.S.C. § 2671 et seq. The proper defendant in an FTCA claim is the United States.  See Nievees-Romero v. United States, 715 F.3d 375, 378 n.2 (1st Cir. 2013).  If Mr. Powers wishes to proceed against the United States, he should move to amend his complaint to that effect.  But see McIntire, supra, 2015 WL 1275430, at *1

7

claim 2, as described herein.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

June 29, 2023

cc: John Powers, pro se

---

(addressing gratuity claim as brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-96 (1971).