**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

John Powers

v. Civil No. 23-cv-173-JL

Federal Bureau of Prisons

**REPORT AND RECOMMENDATION**

When a federal prisoner's term of imprisonment expires, federal law requires the Bureau of Prisons ("BOP") to furnish the prisoner with, among other things, "transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director [of the BOP]." 18 U.S.C. § 3624(d)(3).

Plaintiff John Powers sued the BOP, seeking reimbursement of $1000 for travel expenses from New Hampshire to California following his release from BOP custody. Presently before the court are the BOP's motion to dismiss or, in the alternative, for summary judgment (Doc. No. 21) and Mr. Powers's motion for summary judgment (Doc. No. 24), both of which have been referred to the undersigned Magistrate Judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); LR 72.1. For the

reasons that follow, BOP's motion for summary judgment should be granted.

**BACKGROUND**

On May 4, 2021, after a lengthy term of incarceration stemming from convictions in several federal jurisdictions,[1] and nearing the end of his sentence, Mr. Powers was transferred from BOP custody in the United States Penitentiary in Allenwood, Pennsylvania ("USP Allenwood") to Hampshire House Residential Reentry Center ("Hampshire House") in Manchester, New Hampshire. Def. Mem., Ex. A (Doc. No. 21-2) ¶ 1. When Plaintiff was transferred to Hampshire House, plaintiff's approved Supervision Release Plan ("Vermont release plan") called for him to live with his mother in Springfield, Vermont. Id. at 21.[2] Plaintiff's release date was September 30, 2021.

Mr. Powers alleges that the Vermont release plan "became null and void," as a result of "unforeseen circumstances," though Mr. Powers includes neither the date of, nor a description, of the "events" in his filings. Pltf. Decl. (Doc. No. 24-2) ¶ 2. On August 3, 2021, Mr. Powers indicated to Hampshire House personnel a potential release plan to Mountain

---

[1] See generally, Powers v. Stancil, 794 F. App'x 736 (10th Cir. 2019).

[2] Although Mr. Powers describes the Vermont release plan as "tentative," see Pltf. Mot. (Doc. No. 24) ¶ 2, there is nothing in the record that supports this description.

View, California ("the California release plan"). Release Plan (Doc. No. 24-1) at 1. However, a United States Probation Officer rejected that plan on September 9, 2021, because plaintiff refused to sign a waiver of hearing to modify his conditions of supervised release to include a search condition and mental health treatment. Id.

On September 10, 2021, Powers was terminated from Hampshire House and returned to custody at Strafford County House of Corrections ("SCHOC"). Id. He asserts that he was sent to SCHOC "due to the USPO's refusal to accept supervision in the District of Vermont." Pltf. Mot. (Doc. No. 24) DN 24 at 2. The summary judgment record, however, contains no such refusal. Moreover, in a lawsuit filed in this court against, the entity contracted to operate Hampshire House, Mr. Powers claimed that he had been terminated from the program on September 10, 2021, in retaliation for filing grievances related to confiscation of items that program staff considered contraband. See Powers v. Cmty. Res. For Justice, Inc., No. 21-cv-775-SE, Complaint (Doc. No. 1) at 5-7.[3]

[3] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of documents filed in other courts, including Mr. Powers prior complaint and orders related to his convictions in various jurisdictions. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

As previously noted, Mr. Powers's incarceration was the result of convictions in more than one jurisdiction, somewhat complicating his post-release supervision plans. On September 25, 2021, while still in custody at SCHOC, plaintiff commenced the process of trying to change the primary jurisdiction over his supervised release from the Middle District of Florida to the Northern District of California. See Req. to Transfer Supervised Release, Def. Mem., Exh. A. (Doc. No. 25-2). The Florida court docketed Mr. Powers's request on September 30, 2021, construing it as a motion to transfer supervision. See United States v. Powers, No. 8:89-cr-60-JDW-TGW (M.D. Fla.) ("Florida case") Doc. No. 245. On October 6, 2021, the court denied the transfer motion as moot. Id. Although the Florida court provided no additional reasoning, on the same date, the United States District Court for the Northern District of California accepted jurisdiction over the term of supervised release imposed in Mr. Powers's conviction from the District of New Jersey, which ordered the transfer the same day. See Harris v. Powers, No. 5:21-cr-391-EJD (Doc. No. 1).

On October 3, 2021, while his first transfer motion was still pending, Mr. Powers filed a second, more formal, motion in the Middle District of Florida seeking the same relief – transfer of supervision to California. Florida case, Mot. For Misc. Relief (Doc. No. 248). That motion was supported by

documentation indicating that Mr. Powers was already in Mountain View, CA, and included a California Marriage License dated October 1, 2021. Def. Obj., Exh. C. (Doc. No. 25-3). The Florida court granted the motion on October 27, 2021. Def. Obj. (Doc. No. 25-1) at 4.

On November 22, 2021, Plaintiff filed an administrative claim with the BOP alleging that on September 30, 2021, he was released from SCHOC in Dover, New Hampshire, and provided no travel expenses to California. Pltf. Mem., Ex. A (Doc. No. 21-2) at 15. He sought reimbursement for a property loss of $1,000, his out-of-pocket travel expenses. Id. On May 6, 2022, Regional Counsel for the BOP sent Plaintiff a letter denying his claim on the basis that evidence did not support his claim and informing him that judicial review was not available for his claim. Id.

On September 15, 2022, Mr. Powers filed the instant complaint, claiming that the BOP had released him from his federal sentence on September 30, 2021, without funds, clothing, or transportation. Compl. (Doc. No. 1).[4] He sought a $500 statutory "gratuity," and $1,000 reimbursement for his expenses to travel from Dover, New Hampshire to Mountain View, California. The court dismissed the gratuity claim. See June 29,

[4] Mr. Powers filed suit in the United States District Court for the Northern District of California. That court ordered the case transferred to this court on January 20, 2023. Order of Transfer (Doc. No. 7).

2023, Report and Recommendation (Doc. No. 12), approved, July 21, 2023 (Doc. No. 15). Thus, only his claim for reimbursement of the $1,000 in travel expenses remains.

## Discussion

### A. Motion to Dismiss – Subject Matter Jurisdiction

Invoking Fed. R. Civ. P. 12(b)(1), BOP first argues that this case should be dismissed because the statute governing the relief he seeks precludes judicial review, thus depriving the court of subject matter jurisdiction. The court disagrees.

Under the BOP's theory, Mr. Powers's claim for reimbursement falls within the 31 U.S.C. 3723, which allows an agency to "settle a claim for not more than $1,000 for . . . loss of[] privately owned property . . . caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." The administrative remedy provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained. See Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228 (2008). An agency's decision under section 3723, however, is not subject to judicial review. See Edkins v. United States, No. 13-cv-14421, 2015 WL 871587, at *14 (E.D. Mich. Feb. 27, 2015) (collecting cases); Hoskins v. Craig, No. 11-296-GPM, 2013 WL 675734, at *3 (S.D. Ill. Feb. 25, 2013).

Based on the language of the statute, the court is not persuaded that Mr. Powers's claim for reimbursement of travel expenses is based on the "loss of privately owned property . . . caused by negligence." The court's view is reinforced by the lack of authority supporting BOP's position. It is true, as BOP points out, that courts interpret this provision "broadly," to include "all injuries associated in any way with the 'detention.'" D.A. v. United States, 663 F. Supp. 3d 715, 731 (W.D. Tex. 2023). But even this "broad construction" has been limited, in practice, to claims of "detention of goods that is "unauthorized, tortious, or wrongful." Id. (emphasis added). Reported cases construing section 3723 are limited to the alleged physical loss of tangible property. See, e.g., id. at 742 (alleging that officers "confiscated all of [plaintiff's] belongings, including her identification card, birth certificates, and 80 Mexican pesos. These belongings were never returned to [her]."); Feaster v. Fed. Bureau of Prisons, 366 F. App'x 322, 322 (3d Cir. 2010) (plaintiff alleged that "items from his personal property" were lost during prison transfer); Railey v. Ebbert, 407 F. Supp. 3d 510, 522 (M.D. Pa. 2019) (destruction of mail); Williams v. Hanson, No. 4:16CV155, 2016 WL 8674653, at *1 (N.D. Ohio Apr. 29, 2016) (denying judicial review where plaintiff alleged that in the course of transferring to a different prion, "he was missing . . . 3-4

magazines, two books with plastic spines, two bowls, Ambi Cream, a bowl with a lid, multi-vitamins, two containers of antifungal cream, seven envelopes and four books.") (internal quotes omitted).

In the absence of authority supporting BOP's argument that reimbursement for travel expenses constitutes a claim for "loss of property" or the "detention of any goods," the court cannot find that section 3723 applies to this case. Therefore, BOP's motion to dismiss based on lack of subject matter jurisdiction should be denied.

B. Cross-Motions for Summary Judgment[5]

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Materiality depends on the substantive law, and only factual

[5] Although Mr. Powers did not specifically object to BOP's motion, he filed a cross motion for summary judgment, which, along with the court's Notice Regarding Summary Judgment (Doc. No. 22), satisfies the court that plaintiff understands defendants to be requesting summary judgment. In deference to his pro se status, the court construes Mr. Powers's motion as both seeking affirmative relief and as an objection to the defendant's motion.

disputes that might affect the outcome of the suit can preclude summary judgment. Id. In reviewing the evidence, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

Where, as here, the court is considering cross-motions for summary judgment, it must "consider each motion separately, drawing all inferences in favor of each non-moving party in turn." AJC Int'l, Inc. v. Triple-S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015) (quoting D & H Therapy Assocs., LLC v. Bos. Mut. Life Ins. Co., 640 F.3d 27, 34 (1st Cir. 2011)). "Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply 'require [the Court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed.'" Wells Real Estate Inv. Tr. II, Inc. v. Chardón/Hato Rey P'ship, 615 F.3d 45, 51 (1st Cir. 2010) (quoting Adria Int'l Grp., Inc. v. Ferré Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001)).

Here, the undisputed facts of record show that, at the time of Mr. Powers's release on September 30, 2021, his district of conviction was New Jersey, his district of supervision was Vermont and that his proposal to transfer supervision to California had been rejected. Plaintiff's supervision was not

officially transferred to the Northern District of California until, at the earliest, October 6, 2021 – that is, roughly a week after he was released from custody -- when that jurisdiction accepted plaintiff's supervision relative to his New Jersey conviction. Transfer relative to his Florida and Indiana convictions was not finalized until January 2022. Def. Mem. (Doc. No 25-1) at 4 n. 3.

Under these undisputed factual circumstances, the plaintiff cannot, as a matter of law, demonstrate that, at the time of his release, Mountain View, California was the "place of his conviction," his bona fide residence within the United States," or "such other place . . . authorized by the Director" as required by 18 U.S.C. § 3624. The BOP is therefore entitled to summary judgment.[6]

**Conclusion**

Based on the foregoing, the district judge should grant the BOP's motion to dismiss or, in the alternative, for summary

[6] The court also notes that plaintiff has not accounted for the expense of $1,000 for travel from New Hampshire to California. See Smith v. Wrigley, No. 106CV0886AWIWMWHC, 2008 WL 2490438, at *2 (E.D. Cal. June 16, 2008), report and recommendation adopted, No. 1:06CV0886AWIWMWHC, 2008 WL 2941162 (E.D. Cal. July 28, 2008) (noting, while rejecting released inmate's claim for reimbursement for air travel from California to New York, but approving offer of bus ticket, that "there is nothing in Section 3624(d)(3) that requires the provided transportation to be by air.")

judgment (Doc. No. 21) and deny Mr. Powers's counter-motion for summary judgment (Doc. No. 24).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

Andrea K. Johnstone
United States Magistrate Judge

August 8, 2024

cc: John Powers, pro se
Anna Dronzek, AUSA